IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr277-MHT |
| | ) | (WO) |
| KELVIS JERMAINE COLEMAN | ) | |

OPINION AND ORDER

This case is before the court on defendant Kelvis Jermaine Coleman's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for December 3, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7) to February 4, 2019. The court held a hearing on the motion on November 26, 2018.

While the granting of a trial continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Coleman in a speedy trial. Coleman was charged in a one-count indictment, under 21 U.S.C. § 841(a)(1), with having distributed, on or about June 12, 2018, over 50 grams of "a mixture and substance containing a detectable amount of methamphetamine." Original Indictment (doc. no. 20). On October 31, 2018, a superseding indictment was returned reasserting the charge in the original indictment and adding a count, under 21 U.S.C. § 841(a)(1), that, on or about March 1, 2018, Coleman had "distribute[d] a controlled substance, to wit: in excess of 50 grams of methamphetamine." Superseding Indictment (doc. no. 61). On November 7, the court had to replace Coleman's court-appointed attorney with a new court-appointed attorney. The new defense counsel says he needs more time to prepare properly for trial, and both defense counsel and government counsel say that they need more time to attempt to resolve this case without a trial. The government does not oppose the

continuance. Based on these representations, the court concludes that a continuance is warranted to enable Coleman and the government sufficient time to prepare for trial.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Kelvis Jermaine Coleman's motion to continue (doc. no. 92) is granted.

(2) The jury selection and trial for defendant Kelvis Jermaine Coleman, now set for December 3, 2018, are continued to February 4, 2019, at 10:00 a.m., in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

DONE, this the 26th day of November, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**