IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )        2:18cr277-MHT
                            )            (WO)
KELVIS JERMAINE COLEMAN     )
```

OPINION AND ORDER

This case is before the court on defendant Kelvis Jermaine Coleman's motion to dismiss the superseding indictment. A hearing was held on the motion on November 26, 2018. For the reasons set forth below, the court finds that the motion should be denied.

I.

Whether the superseding indictment should be dismissed requires an understanding of the somewhat complex chronology of this case.

*June 27, 2018*: A grand jury returned a one-count indictment charging Coleman, under 21 U.S.C. § 841(a)(1), with having distributed on or about June 12, 2018, over 50 grams of "a mixture and substance containing a

detectable amount of methamphetamine." Original Indictment (doc. no. 20). Trial was set for November 5, 2018.

*October 22*: Court-appointed defense counsel filed a motion in limine contending, among other things, that, because the government had not yet turned over the scientific test results and the summary of the expert testimony as to the composition and weight of the drug substance that Coleman allegedly distributed on June 12, the test results and any expert testimony on the subject would be inadmissible at trial. The import of the motion was that the government should be barred from putting on the evidence needed to support the charge in the indictment.

*October 23*: Government counsel informed defense counsel that the reason the toxicology report had not been provided was because the government did not have the report and that Coleman would soon be facing a superseding indictment with an additional charge.

*October 26*: Government counsel provided defense counsel the toxicology report on the new charge, in Count 2, of the soon-to-be filed superseding indictment. The report did not cover the single charge in the original indictment.

*October 29*: On Monday, a week before trial, two important events occurred. (1) In a joint report of a court-ordered meeting of the parties, the parties represented that (a) Coleman was refusing to communicate with his court-appointed defense counsel and that, as a result, it was "very difficult if not impossible" for counsel to represent him, Report of Court Ordered Meeting of the Parties (doc. no. 54) at 1-2; (b) a newly retained defense attorney had contacted both court-appointed counsel and government counsel stating that he intended to file a notice of appearance to represent Coleman; and (c) government counsel had advised court-appointed counsel that the government was seeking a superseding indictment that might be returned before trial on Monday, November 5. (2) Newly retained defense counsel entered

a notice of attorney appearance for Coleman and filed a written motion to continue the trial.

*October 30*: On the Tuesday before the trial was to begin the following Monday, the court held an on-the-record telephone conference with court-appointed defense counsel, newly retained defense counsel, and government counsel. Court-appointed counsel stated that Coleman was still not communicating with him and that it would be impossible to continue to represent him. Government counsel revealed that, while trial was only three business days away, it was still seeking a superseding indictment that, if returned the next day as expected, would add a charge with a mandatory life sentence. After learning of this new charge and that Coleman would possibly be subject to a mandatory life sentence, retained counsel orally moved to withdraw as attorney and orally moved to withdraw his written motion to continue the trial. Retained counsel recognized that, in light of the likelihood that the government would not be ready to proceed on the one-count original indictment

for the reason raised in the motion in limine, a continuance might actually work to Coleman's disadvantage.

*October 31*: As expected, on the Wednesday before trial, the grand jury returned a superseding indictment reasserting the charge in the original indictment and adding a count under 21 U.S.C. § 841(a)(1) that, on or about March 1, 2018, Coleman had distributed in excess of 50 grams of methamphetamine.  *See* Superseding Indictment (doc. no. 61).  This second count differed from the first count in two important ways:  first, the alleged events occurred on March 1, 2018--while the first count alleged events in June 2018--and, second, Coleman's mandatory-minimum sentence increased from ten years (for the first count) to life imprisonment.

*November 1*:  On the Thursday before trial, a number of events occurred:  (1) The court entered a written order granting retained defense counsel's oral motion to withdraw.  (2) Court-appointed defense counsel filed a motion to dismiss the superseding indictment, the motion

5

that is now before the court for resolution.  He made the very serious allegation that the superseding indictment, which had been returned the day before, was retaliatory. He asserted that, because he had filed a motion in limine contending that the government had not furnished in a timely manner the expert evidence needed for a conviction on count one of the original indictment (and now reasserted as count one in the superseding indictment), the government retaliated by securing, at the eleventh hour, a superseding indictment and a new charge, count two, with a much more serious charge, and that, in so doing, the government also was retaliating for his choice to exercise his right to a trial on November 5.  Defense counsel also contended that the late-filed superseding indictment put Coleman in the untenable position of having to choose between, on the one hand, not going to trial on November 5 and forgoing the exercise of his speedy trial rights on count one (for which the government had arguably failed to furnish the essential drug tests results needed for a conviction) and, on the

other hand, going to trial and forgoing his Sixth Amendment right to counsel as to count two (for there was no way he could be ready to go to trial in just a couple of business days, on November 5, on a whole new charge with different factual allegations for which the sentence exposure was mandatory life). Perhaps most importantly, defense counsel alleged that the government knew about, and even had, the expert evidence to support count two as far back as June 2018 but did not seek and secure a superseding indictment until three business days before the November 5 trial date. Thus, the issue was not just one of delay--it was an allegation of delay strategically timed to hurt Coleman and his ability to defend himself. (3) Court-appointed defense counsel also renewed his motion to withdraw, contending that his relationship with Coleman was even worse. He added that, in light of the government's filing just before trial of a totally new charge which he could not possibly be prepared to defend, "It is understandable why Mr. Coleman feels that this process is unfair and that everyone is out to get him."

Motion to Dismiss (doc. no. 70) at 4. He explained that Coleman "was told the rules when he was indicted and then right before his trial the rules change." *Id.* (4) The government orally moved to continue the November 5 trial date.

*November 2*: The court orally informed defense and government counsel that the trial would be delayed until December 3, and that a formal opinion and order would follow.

*November 5*: The court entered a written order granting Coleman's retained counsel's oral motion to withdraw his written motion to continue. The court, based on the government's November 1 oral motion, entered a written opinion and order continuing the trial to December 3.

*November 6*: The court entered an order granting court-appointed defense counsel's motion to withdraw and arranged for the appointment of new defense counsel.

*November 7*: Newly court-appointed counsel appeared on behalf of Coleman.

*November 16*: Newly court-appointed defense counsel filed a motion to continue the December 3 trial and represented that the parties were working toward a possible resolution of the case that could avoid the necessity of trial. He also argued that, if the parties were to proceed to trial, he would need additional time to prepare for it properly.

*November 26*: The court held a hearing on Coleman's November 1 motion to dismiss the superseding indictment and his November 16 motion to continue the December 3 trial. Government counsel disclosed that it was seeking another superseding indictment that might be returned before trial on December 3. The second superseding indictment would reassert the charges in the first superseding indictment and add a count involving the use of a firearm during the commission of a drug offense. *See* 18 U.S.C. § 924(c). Having learned of the possibility of another superseding indictment, newly court-appointed defense counsel acknowledged that Coleman will likely be going to trial.

II.

In the November 1 motion to dismiss, Coleman brought a vindictive prosecution claim, arguing that the purpose of the first superseding indictment was as punishment or retaliation against him for filing a motion in limine and exercising his right to proceed to trial. To allow the government to go forward, Coleman argued, would violate his Sixth Amendment right to effective assistance of counsel, Sixth Amendment right to a fair and speedy trial, and Fifth Amendment right to due process. Finally, he argued that the government committed a discovery violation on the charge in the original indictment by failing to submit the toxicology report by the court-ordered discovery deadline of July 6. *See* Arraignment Order (doc. no. 25) at 3. The court now

considers each claim and concludes that they are all meritless.

### A. Vindictive Prosecution Claim

Coleman's claim of vindictive prosecution is based on his allegation that the purpose of the superseding indictment was to punish him for filing a motion in limine and exercising his right to proceed to trial. At the hearing on the motion to dismiss, the court asked the government why it waited until almost the eve of the November 5 trial to file the superseding indictment. The government clarified that it did not receive the toxicology report from the Drug Enforcement Administration crime lab on the new offense until November 1. The court then asked the government if it had attempted to have the report produced earlier. The government represented that it had sent the crime lab emails seeking the report every day for three to four weeks in advance of the trial date. Through no apparent

fault of the government, the report did not arrive until November 1.

To make a prosecutorial vindictiveness claim, a defendant must show either that a presumption of vindictiveness arises from the government's conduct, or that the government acted with actual vindictiveness. *See United States v. Brown*, 862 F. Supp. 2d 1276, 1289 (N.D. Ala. 2012) (Hopkins, J.) (citing *United States v. Barner*, 441 F.3d 1310, 1312, 1322 (11th Cir. 2006)), *aff'd,* 516 F. App'x 872 (11th Cir. 2013).

"While a prosecutor's decision to seek heightened charges after a successful *post-trial* appeal is enough to invoke a presumption of vindictiveness, proof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption in the *pretrial* context." *Barner*, 441 F.3d at 1316 (quotation omitted) (emphasis added). In the pretrial context, a presumption of vindictiveness may arise if the facts of the case form a realistic likelihood of vindictiveness. *See id.* at 1318. Thus,

in the pretrial context, for a defendant to show a presumption of vindictiveness, he must: (1) make a threshold showing that his exercise of pretrial rights was followed by charges of increased severity and (2) identify factors to raise a realistic likelihood of vindictiveness. *See Brown*, 862 F. Supp. 2d at 1290.

To establish actual vindictiveness, a defendant must prove the following: "(1) the prosecutor wanted to punish the defendant for exercising his rights (animus); and (2) the prosecutor's animus caused the prosecutor to bring charges of increased severity (causation)." *Id.* (citing *Barner,* 441 F.3d at 1322). A showing of actual vindictiveness is "exceedingly difficult to make." *Id.* (quoting *United States v. Meyer,* 810 F.2d 1242, 1245 (D.C. Cir. 1987), *vacated*, 816 F.2d 695 (1987), *and reinstated on reconsideration sub nom. Bartlett ex rel. Neuman v. Bowen*, 824 F.2d 1240 (D.C. Cir. 1987)).

Coleman's vindictive-prosecution claim is meritless because he failed to show a realistic likelihood of vindictiveness or actual vindictiveness. Coleman did not

come forward with any evidence showing animus on the part of the prosecution. Given the unrebutted information presented at the hearing on the dismissal motion (that the government filed the superseding indictment just before trial because it was waiting on the toxicology report), the court is not convinced that the government acted with actual vindictiveness or that a presumption of vindictiveness arises from the government's conduct.

### B. Sixth Amendment Right to Effective Assistance of Counsel

The court concludes that this claim should be dismissed as moot. Coleman argued that forcing his defense counsel to be ready for a case that carries a mandatory life sentence in four days would violate his Sixth Amendment guarantee of effective assistance of counsel. This claim is moot because the trial was eventually continued, giving his current counsel sufficient time to prepare for trial.

## C. Sixth Amendment Right to a Speedy Trial

Coleman argued in his motion to dismiss, filed on November 1, that continuing the trial from November 5 to December 3 would violate his Sixth Amendment right to a fair and speedy trial. On November 2, the court orally granted the government's oral motion to continue trial from November 5 to December 3. *See* Opinion and Order (doc. no. 75). The court concludes that Coleman's Sixth Amendment right to a speedy trial was not violated by continuing his trial.

The Sixth Amendment to the Constitution provides that: "In all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." U.S. Const. amend. VI. "[T]he speedy trial right exists primarily to protect an individual's liberty interest, 'to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of

15

life caused by arrest and the presence of unresolved criminal charges.'" *United States* v. *Gouveia*, 467 U.S. 180, 190 (1984) (quoting *United States* v. *MacDonald*, 456 U.S. 1, 8 (1982)). The right attaches when charges are filed or when a defendant is arrested and held to answer a criminal trial. *See United States v. Loud Hawk*, 474 U.S. 302, 310 (1986). In determining whether a defendant's right to a speedy trial has been violated, a court considers the following four factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972).

The length of delay is a threshold factor, and unless the delay is presumptively prejudicial the other factors need not be considered. *See United States v. Register,* 182 F.3d 820, 827 (11th Cir. 1999). "A delay is considered presumptively prejudicial as it approaches one year" from the attachment of the right to the trial. *United States v. Schlei,* 122 F.3d 944, 987 (11th Cir.

1997). When calculating the length of delay, any period of delay caused by the defendant may be excluded. *See Hill v. Wainwright,* 617 F.2d 375, 378 (5th Cir. 1980).*

Coleman's Sixth Amendment right to a fair and speedy trial was not violated by delaying his trial from November 5 to December 3. Given that not even six months passed between his initial indictment on June 27 and his trial on December 3, the continuance of his trial until December 3 did not approach the presumptively prejudicial one-year time frame. *See Schlei,* 122 F.3d at 987.

Moreover, since Coleman's filing of the motion to dismiss, his newly court-appointed counsel filed an unopposed motion to continue even the December 3 trial. *See* Motion to Continue (doc no. 92). The court granted the motion and reset the trial for February 4, 2019. This additional continuance did not violate Coleman's Sixth Amendment right to a speedy trial because the delay

---

* The Eleventh Circuit has adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

17

was caused by Coleman himself. *See Hill,* 617 F.2d at 378.

### D. Fifth Amendment Right to Due Process

Coleman argued that allowing the government to proceed under the superseding indictment would deprive him of his Fifth Amendment right to due process. *See* Motion to Dismiss (doc. no. 70) at 5. Coleman has not explained just how the superseding indictment deprives him of such a right; he cites no case law at all. The court therefore finds no such violation.

### E. Discovery Violation

Coleman suggested that the government committed a discovery violation because it failed to meet the court-ordered discovery deadline of July 6, 2018, set in the arraignment order on the original indictment. *See* Arraignment Order (doc. no. 25) at 3. At the hearing on the motion to dismiss, the government represented that it did not possess the toxicology report (related to the one-count original indictment) until November 1, 2018,

the same date it submitted it to defense counsel.  The court concludes that the government did not commit a discovery violation, because it cannot produce a document it does not have.  *See United States v. Cannington*, 729 F.2d 702, 712 (11th Cir. 1984).  The court further concludes that, even if there were a violation of the discovery deadline, dismissal of charges is too draconian a sanction since Coleman suffered no prejudice, especially since the later, new trial date of February 4, 2019, was set at his behest.

***

Accordingly, it is ORDERED that defendant Kelvis Jermaine Coleman's motion to dismiss (doc. no. 70) is denied.

DONE, this the 22nd day of January, 2019.

                                       /s/ Myron H. Thompson  
                                       **UNITED STATES DISTRICT JUDGE**