IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr277-MHT |
| | ) | (WO) |
| KELVIS JERMAINE COLEMAN | ) | |

OPINION AND ORDER

Defendant Kelvis Jermaine Coleman has been indicted on two counts of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1). For the reasons set forth below, the court finds that jury selection and trial, now set for February 4, 2019, should be continued so that Coleman may receive a mental-health evaluation by the Bureau of Prisons (BOP).

While the granting of a continuance is left to the discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a

> defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Coleman in a speedy trial.

2

Defense counsel requested a competency evaluation by the BOP based on concerns about Coleman's ability to communicate with him and to comprehend the substance of their conversations, as well as potential borderline intellectual functioning. By agreement of the government and defense counsel in open court on January 28, 2019, Coleman will also receive a mental-health evaluation to determine, among other things, his competency to stand trial, the feasibility of an insanity defense, and whether drug addiction impacted his actions. The court concludes that a continuance is warranted to enable the BOP to evaluate Coleman and to give the parties sufficient time to incorporate the results of the examination into their preparation for trial.

**\*\***

Accordingly, it is ORDERED that the jury selection and trial, now set for February 4, 2019, are continued generally.

DONE, this the 28th day of January, 2019.

                                /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**