IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr277-MHT |
| | ) | (WO) |
| KELVIS JERMAINE COLEMAN | ) | |

OPINION AND ORDER

Defendant Kelvis Jermaine Coleman has been indicted on two counts of distribution of a controlled substance, methamphetamine, in violation of 21 U.S.C. § 841(a)(1). This case is now before the court on defense counsel's unopposed motion for Coleman to receive a mental-health evaluation by the Bureau of Prisons (BOP). A hearing was held on the motion on January 28, 2019. For the reasons explained below, the motion will be granted.

A.

Defense counsel requested a competency evaluation based on concerns regarding Coleman's ability to communicate with him and to comprehend the substance of

their conversations. At a hearing on the motion, defense counsel represented that Coleman was enrolled in special education classes as a child and has an IQ of 71, which places him in the range of borderline intellectual functioning; and that, due to his intellectual disability, Coleman has had a limited employment history, including only about two years of employment. Based on defense counsel's representations, as well as the fact that Coleman has had difficulty communicating with multiple lawyers who previously represented him in this case, the court has determined that Coleman should be evaluated.

A court may order a competency evaluation on a party's motion, or on the court's own motion, "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant," if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and

consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The court may order a defendant to be committed for a reasonable period to the custody of the Attorney General to be placed in a suitable BOP facility for this competency examination. *See* §§ 4241(b), 4247(b).

In this case, the court finds that there is cause to believe Coleman may not be competent to stand trial. The court will, therefore, order Coleman to be evaluated at a BOP facility, pursuant to §§ 4241(b) and 4247(b). The examination must be completed within a reasonable period of time, not to exceed 30 days; the director of the facility to which Coleman is committed may apply for a reasonable extension, not to exceed 15 days. *See* § 4247(b). Once the examination is complete, the examiner will prepare a psychological report and file this report with the court and with counsel, pursuant to § 4247. This report should include a description of the psychological and medical tests administered and their results; the examiner's findings, diagnosis, and

prognosis of Coleman's mental condition; and the examiner's opinions as to whether, given the demands that may be made on Coleman throughout this prosecution, Coleman may currently be "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." § 4241(a).

B.

If, after this evaluation, the court were to find that Coleman is incompetent to stand trial, the court would then be required to commit him again to the custody of the Attorney General, and again he would be hospitalized for treatment in a suitable facility in order to determine whether there is a substantial probability that, in the foreseeable future, he will attain the capacity to permit the proceedings to go forward. *See* 18 U.S.C. § 4241(d)(1). To avoid the further delay and inconvenience to the parties and to the

court of another potential commitment, including the extra time required to transport Coleman from the BOP back to this district and then back to the BOP again, the court will order that, when the BOP examiner conducts the competency evaluation, it should, if possible and practicable, simultaneously conduct a restoration evaluation pursuant to § 4241(d)(1) to determine if there is a substantial probability that, in the foreseeable future, Coleman will regain competency.

C.

At the oral requests of defense counsel and government counsel at the January 28 hearing and pursuant to the court's inherent powers, the BOP should, when it conducts the competency and restoration evaluations, simultaneously conduct an evaluation to determine whether Coleman was insane at the time of the offense pursuant to 18 U.S.C. § 4242 and Federal Rule of Criminal Procedure 12.2. *See United States v. Riley*, 2018 WL 5660092, at *2 (M.D. Ala. Oct. 31, 2018) (Thompson, J.) (ordering

psychological examination to determine insanity at the time of the offense pursuant to court's inherent powers and in absence of defense notice pursuant to Rule 12.2 and government motion under § 4242(a), albeit with agreement of parties).

D.

The parties further agreed and the court now finds that, should Coleman be found competent and be convicted, his mental health will need to be evaluated for purposes of sentencing pursuant to 18 U.S.C. § 3552(b). The parties, therefore, agree that, to avoid potentially having to bring him back to Alabama and then having to transport him again to a BOP facility for another evaluation, the BOP should, if possible and practicable, conduct a sentencing study while Coleman is at the BOP facility for his competency and insanity evaluations.

Coleman has a lengthy history of substance abuse. He began using marijuana at the age of eleven, cocaine at the age of 15, and eventually began using

6

methamphetamine. Days before he was arrested in this case, he reportedly was using all three substances. Coleman is facing punishment for distribution of methamphetamine, and there is reason to believe that his criminal conduct was impacted by his drug addiction and possibly a mental disability.

Given the current psychiatric understanding that drug addiction is a disease, albeit a mental one, this court has held that a defendant who suffers from a drug addiction should be properly treated as having a mental disease or illness. *See United States v. Mosley*, 277 F.Supp.3d 1294 (M.D. Ala.) (Thompson, J.). Accordingly, where there is a reasonable basis to believe that a defendant's drug addiction contributed to the conduct underlying his or her conviction, the court will order a mental-health evaluation. Where, as here, the substance abuse may co-occur with a mental illness or intellectual disability, the need for an evaluation is perhaps even greater. Such an evaluation is necessary to aid the court in fashioning an appropriate sentence, by helping

to determine (1) how a defendant's substance-abuse and any other mental disorders may have affected his or her *culpability* for the offense conduct; and (2) what type of *treatment*, if any, the defendant should receive during potential incarceration and supervised release. *See* 18 U.S.C. § 3552(b). By "culpability" the court does not mean whether a defendant had a legal defense such as insanity, or whether a defendant's action was not "voluntary" or committed with the requisite mens rea; rather, the court means "culpability" in the sense of whether his substance abuse may have affected or driven his conduct, and as a result possibly constitutes mitigation.

The mental-health recommendation should, therefore, focus on these overlapping issues of culpability and treatment: the role, if any, defendant's mental disorder(s) played in his or her charged conduct, and what treatment is recommended for defendant's disorders in light of his or her individual characteristics and history. And again, by treatment, the court means not

8

only treatment, and other supportive services, to be provided to him while on supervised release but also what specific BOP programs are recommended, and why, in the event that he is incarcerated for an extended period of time. See https://www.bop.gov/inmates/custody_and_care/docs/20170914_BOP_National_Program_Catalog.pdf (describing BOP programs).

18 U.S.C. § 3552(b) authorizes the court to order that the study be done by the BOP upon the finding of a "compelling reason" or where there are no adequate professional resources available in the local community to perform the study. Here, the court is already seeking a comprehensive, longitudinal evaluation of Coleman's mental health, including whether he has any co-occurring mental illnesses in addition to his substance abuse. Further, the parties agree that there are no locally available resources that could provide such an evaluation in the jail where Coleman is housed (or in any other local jail for that matter), and that such an extended

and comprehensive evaluation is simply not feasible given the restrictions on access to prisoners in a jail environment. Furthermore, in this case, Coleman is already receiving a competency evaluation by the BOP, and the parties agree to the § 3552(b) evaluation being done at a BOP facility.

\* \* \*

Accordingly, it is ORDERED that defendant Kelvis Jermaine Coleman's motion for a mental-health evaluation (doc. no. 106) is granted as follows:

(1) Pursuant to the provisions of 18 U.S.C. § 4241 and §§ 4247(b) & (c), the United States Marshal for this district shall immediately remove defendant Coleman to the custody of the warden of an appropriate institution as may be designated by the Attorney General, where he is to be committed for the purpose of being observed, examined, and treated by one or more qualified psychiatrists or psychologists at the institution. The

statutory time period for the examination shall commence on the day defendant Coleman arrives at the designated institution. The examination shall be conducted in the suitable facility closest to the court, unless impracticable.

(2) Pursuant to 18 U.S.C. § 4241 and 4242, the examining psychiatrists or psychologists shall evaluate whether defendant Coleman is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(3) In the event that the examiners find that defendant Coleman is suffering from a mental disease or defect rendering him mentally incompetent, the examining psychiatrists or psychologists shall, pursuant to 18 U.S.C. § 4241(d)(1), also evaluate whether there is a substantial probability that, in the foreseeable future, he will attain the capacity to permit the proceedings to go forward.

(4) Pursuant to 18 U.S.C. § 4242 and Federal Rule of Criminal Procedure 12.2, the examining psychiatrists or psychologists shall evaluate whether defendant Coleman was insane at the time of the offense.

(5) Pursuant to 18 U.S.C. § 3552(b), if possible and practicable during the time defendant Coleman is at the BOP, the examining psychiatrists or psychologists shall evaluate defendant Coleman's psychological condition for the purposes of sentencing and shall include their findings in a report to be presented to this court.

    (a) To assist the court in assessing defendant Coleman's culpability--that is, as a mitigating factor the study shall discuss his mental-health history and characteristics, and shall particularly address (i) whether he suffers from a substance-abuse disorder, any other mental disorder(s) and if so, which one(s), as well as any cognitive deficiencies; (ii), if he has a substance-abuse disorder as well as another mental disorder or cognitive deficiencies, how, if at all, the other mental disorder(s) or cognitive deficiencies relate

12

to or interact with his substance abuse disorder, including whether the other mental disorder(s) or cognitive deficiencies may be viewed as having caused, led to, or contributed to his substance-abuse disorder; (iii) what role, if any, his substance-abuse disorder, other mental disorder(s), and/or cognitive deficiencies played in his commission of the offenses with which he is now charged; (iv) how his substance-abuse disorder, other mental disorder(s), and/or cognitive deficiencies impact his ability to refrain from using illegal substances, to refrain from engaging in future criminal activity, and to meet other conditions of supervision, such as attending scheduled meetings with his supervising officer.

(b) In addition to assessing whether defendant Coleman suffers from a substance-abuse disorder, any other mental disorder(s), and any cognitive deficiencies, the study shall provide recommendations for treatment and other supportive services to be provided to him while on supervised release to improve the likelihood of him

avoiding substance abuse and becoming a productive member of society. The study should address, in light of his failure to refrain the use of drugs and his other offense conduct, his personal characteristics, history, and circumstances; his mental health; which treatment modalities, treatment settings, and supportive or other services are likely to be most effective in helping him to refrain from using illicit drugs or violating conditions of supervised release and to learn to respond to life stressors without resorting to illegal activities; what specific BOP programs are recommended, and why, in the event that he is incarcerated for an extended period of time, see https://www.bop.gov/inmates/custody_and_care/docs/20170914_BOP_National_Program_Catalog.pdf (describing BOP programs); and whether, assuming sincere and good faith efforts on the part of defendant Coleman, relapse is to be reasonably expected. Among other issues, the study shall address whether there is any medication that can be used in conjunction with any other treatment to

14

address his substance-abuse disorder and any other disorder(s).

(6) Finally, the study shall discuss any other matters the BOP believes are pertinent to the sentencing factors set forth in 18 U.S.C. § 3553(a).

DONE, this the 4th day of February, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**