IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIM. CASE NO. 2:18-cr-277-ECM |
| | ) | (WO) |
| KELVIS JERMAINE COLEMAN | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's *pro se* "motion for compassionate release due to danger from the Coronavirus" (doc. 215) which the Court construes as a motion for reduction of sentence. Coleman seeks a reduction in his sentence, pursuant to 18 U.S.C. § 3582(a)(1)(A), asserting that there are extraordinary and compelling reasons that qualify him for a sentence reduction.[1] Specifically, Coleman contends that the novel coronavirus (COVID-19) coupled with his "underlying health conditions such as diabetes

---

[1] To the extent that Coleman seeks placement in home confinement, the decision to release inmates on home confinement rests with the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3624(c)(2)(the BOP has the authority "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."). The Attorney General, exercising emergency authority granted to him by the CARES Act, expanded the class of inmates that can be considered for home confinement due to the national emergency declared by the President as the result of the outbreak of Coronavirus Disease 2019 (COVID-19). *See* Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Apr. 3, 2020, https://www.justice.gov/file/1266661/download (last accessed July 13, 2021). The BOP has authority under 18 U.S.C. § 3623(c)(2) and 34 U.S.C. § 60541 to effectuate the Attorney General's instruction.

While section 12003(b)(2) of the CARES Act allows the BOP to extend the amount of time prisoners may serve in home confinement, it does not extend to the District Court the authority to make such an order. *See United States v. Daniels*, 2020 WL 1938973, *2 (N.D. Ala. 2020). The Court concludes that "under the CARES Act, the BOP, through the Attorney General's delegation, retains the 'exclusive authority and sole discretion to designate the place of an inmate's confinement,' including home confinement." *Id.* Thus, this Court has no authority to order the BOP to change the Defendant's current place of incarceration.

and high blood pressure," (doc. 215 at 2), warrant a reduction of his sentence. For the reasons that follow, the Court concludes that the Defendant's motion is due to be denied.

On July 29, 2019, the Defendant entered a guilty plea to Counts 1 and 2 of the Superseding Indictment, distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1). (Doc. 170). On November 22, 2019, Coleman was sentenced to a term of 300 months of imprisonment. (*Id*.). Coleman's current projected release date from the Bureau of Prisons ("BOP") is July 10, 2040. (https://www.bop.gov/inmateloc/ last visited July 13, 2021).

**DISCUSSION**

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court may modify a criminal sentence when a defendant demonstrates that he has exhausted his available administrative remedies and "extraordinary and compelling reasons" warrant a sentence reduction. A reduction in sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's applicable policy statement is set forth at Application Note 1 to the Commentary of § 1B1.13 of the U.S. Sentencing Guidelines, which defines "extraordinary and compelling reasons" as including (i) a terminal illness; (ii) the defendant's serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover";

2

(iii) the advanced age of the defendant[2]; (iv) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (v) other reasons, "[a]s determined by the Director of the Bureau of Prisons." § 1B1.13 of the U.S. Sentencing Guidelines.

Coleman alleges that he suffers from diabetes and high blood pressure, and thus, he is at greater risk of contracting COVID-19. According to Coleman, these factors constitute "extraordinary and compelling" reasons justifying a reduction in his sentence.

A defendant may only move for such a reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court concludes that Coleman properly pursued administrative relief and, thus, has exhausted his administrative remedies. (Doc. 215-1 at 3-10).

Coleman bears the burden of demonstrating that his condition is extraordinary and compelling to warrant relief. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). The Court concludes that Coleman has failed to demonstrate that his medical condition is sufficiently debilitating to an constitute extraordinary and compelling reason that warrants a sentence reduction. Coleman provides no evidence that he has been diagnosed or treated for any particular condition, or that he has a particular condition that

---

[2] The Commentary suggests that to qualify under the age provision, the Defendant must be "at least 65 years old," his condition must be significantly deteriorating due to aging and he must have served at least ten years or seventy-five percent of his sentence.

3

cannot adequately be treated in prison. Coleman's conclusory allegations that he suffers from certain underlying medical conditions, or is at greater risk due to his medical conditions, without more, is simply insufficient for Coleman to meet his burden of demonstrating extraordinary and compelling reasons. Thus, the Court concludes that Coleman has failed to establish that his medical conditions constitute extraordinary and compelling reasons that warrant a sentence reduction.

Coleman further contends that his medical condition, coupled with "conditions in the federal jails," (doc. 215 at 3), are extraordinary and compelling reasons to reduce his sentence. The Court disagrees. While the existence of COVID-19 cases is concerning, its presence alone is not an extraordinary and compelling reason that warrants a sentence reduction.

Furthermore, before granting a sentence reduction, the Court must also consider the sentencing factors set forth at 18 U.S.C. § 3553(a). These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for deterrence, the need to avoid unwarranted sentencing disparities, and the need to protect the public from further crimes of the Defendant. *See* 18 U.S.C. § 3583(e)(1) and § 3553(a). The Court now turns to the sentencing factors to determine whether a reduction in sentence is warranted and is in the interest of justice.

The Defendant entered a guilty plea to distribution of controlled substances and was sentenced to a term of imprisonment of 300 months. At sentencing, the Court calculated the Defendant's criminal history at category IV. The Defendant, who has served fewer than two years of his twenty-five year sentence, offers no cogent reason why the interests

of justice warrant a reduction in his sentence, and based on the Defendant's history and characteristics, the nature and circumstances of the offenses, to deter the Defendant and others from engaging in illegal activity, and to protect the public from further crimes of the Defendant, the Court determines that a sentence reduction is not in the interest of justice.

## CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED that the Defendant's motion to reduce sentence (doc. 215) is DENIED.

DONE this 14th day of July, 2021.

                                            /s/ Emily C. Marks
                                   EMILY C. MARKS
                                   CHIEF UNITED STATES DISTRICT JUDGE